14494

PRICE v. METROPOLITAN LIFE INSURANCE COMPANY

(191 S. E., 893)

September, 1936.

*Messrs. Elliott, McLain, Wardlaw & Elliott,* for appellant, cite:

*Messrs. S. B. Knotts, Jr., Edwin H. Cooper* and *John Hughes Cooper,* for respondent, cite:

July 7, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

After this case was decided, the appellant duly submitted its petition for a rehearing. This the Court refuses for the reason that the grounds upon which it is sought are found to be without merit. The opinion heretofore filed, however, is withdrawn and the following substituted therefor:

On May 12, 1924, the defendant company insured the life of the plaintiff for $5,000.00. The policy provided, as a con-

sideration for the issuance of the insurance, that the insured should pay an annual premium of $97.75 on May 12th of each year, a grace period of thirty days being allowed. It also contained provisions with regard to conditions under which loans would be made by the company, and for the reinstatement of the policy in case it should lapse for the nonpayment of premiums. Several loans were made in accordance with these provisions. The last one applied for by the insured was on June 12, 1934; and this action arose as a result of the contentions of the parties in regard to such application. The plaintiff alleged that the company wrongfully and fraudulently canceled the contract; the company claimed that the policy lapsed because of failure of the insured to pay the premium due May 12, 1934, without any fault on its part. On trial of the case, the Court directed a verdict for the defendant as to punitive damages but refused to do so as to actual damages; and on that issue the jury found for the plaintiff $2,000.00. A motion for a new trial was then made and denied, and this appeal followed.

In view of the fact that counsel for the respondent finally withdrew his objections to the form of the exceptions, we will decide only the other questions, two in number, argued on the hearing of the appeal. There is no merit in the contention of the appellant that the trial Judge erred in refusing its motion for a directed verdict as to actual damages. We have examined with care the testimony pertinent to this issue, but which we deem it unnecessary to review, and find that the Court correctly submitted that question to the jury. As to defendant's motion for a new trial, no substantial merit is seen in any of the several grounds upon which it was made and heard. There was no error, therefore, as complained of.

The judgment of the Court below is affirmed.

Messrs. Justices Carter, Bonham, Baker and Fishburne concur.